## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 21-401 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL DRUMMOND** | : | **Sentencing: May 13, 2022** |
| | : | |
| **Defendant.** | : | |

### UNITED STATES'S MEMORANDUM IN AID OF SENTENCING

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in support of its sentencing recommendation in this case. Given the nature and seriousness of the defendant's offense, the government requests that the Court sentence the defendant to a period of incarceration in the middle of the sentencing guideline range. Such a sentence is appropriate pursuant to the sentencing factors outlined in 18 U.S.C. § 3553(a).

### FACTUAL BACKGROUND

In early 2017, defendant Michael Drummond recruited two bank employees to join a scheme to steal more than $200,000 from Wells Fargo's customers. (PSR ¶ 17.) The scheme was both shocking and chilling in its simplicity. The bank employees would check the account balances of Wells Fargo customers without the customer's knowledge; the employees would communicate the account balance to Drummond; and a confederate of Drummond would then enter the bank and pose as the customer to withdraw funds from the customer's account. (PSR ¶ 17.) Drummond communicated with the other conspirators via text messages and phone calls in order to schedule the appropriate days and times for the fraudulent withdrawals. (PSR ¶ 22.)

Drummond received and distributed the proceeds among the conspirators.  (PSR ¶ 20.)  The conspirators used this scheme to steal $124,000 in cash and an $80,000 cashier's check from two of the bank's customers.  (PSR ¶¶ 18-21.)  Although Wells Fargo was able to detect the theft and stop payment of the $80,000 cashier's check, Wells Fargo incurred losses on behalf of its customers for the $124,000 that the conspirators stole.  (PSR ¶¶ 23-24.)

## SENTENCING GUIDELINES

As the Court is well aware, although the U.S. Sentencing Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 261 (2005).  Thus, at sentencing a court must first calculate the Guidelines range applicable to the defendant.  *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see also Gall v. United States*, 552 U.S. 38, 49-50 (2007).

The United States and the defendant have agreed as part of the plea agreement that the following guidelines should apply at sentencing:

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1 | Base Offense Level | 6[1] |
| U.S.S.G. § 2B1.1(b)(1)(F) | Loss Amount: $204,000 | +10 |
| U.S.S.G. § 3B1.1(c) | Organizer, leader, manager, supervisor; fewer than five participants | +2 |
| | TOTAL OFFENSE SCORE | 18 |

(Dkt. 17 at 2.)  The United States also agreed as part of the defendant's plea that a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) is appropriate.  (Dkt. 17 at 3.)  The government also believes that the defendant should receive an additional one-level reduction because the defendant has assisted authorities by providing timely notice of the defendant's

---

[1] The plea agreement in this case provides for a base offense level of 7.  (Dkt. 17 at 2.)  The government does not dispute the PSR's reading of the guidelines which indicate that the correct base offense level is 6. (PSR ¶¶ 36, 121.)

intention to enter a guilty plea.  U.S.S.G. § 3E1.1(b).  The resulting Offense Level under the guidelines is 15.

The defendant's prior convictions yield eight criminal history points. (PSR ¶ 57.)  The probation office has noted that the defendant committed the instant offense while under a criminal justice sentence from Maryland and that two points should be added to the defendant's criminal history score per U.S.S.G. § 4A1.1(d).  (PSR ¶ 58.)  The total criminal history score therefore is ten, which places the defendant in Category V.  (PSR ¶ 59.)  With an Offense Level of 15 and a Criminal History of Category V, the Sentencing Guidelines recommend a sentence of 37-46 months of incarceration.  (PSR ¶ 119.)  If the Court chooses to impose a fine, the applicable fine range is $7,500 to $75,000.  (PSR ¶ 139.)

## STATUTORY FACTORS

As the Court is also well aware, after calculating the applicable guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351.  The factors of particular relevance here are the "nature and circumstances of the offense," the need for the sentence "to reflect the seriousness of the offense" and provide "just punishment," the need "to promote respect for the law," and the need for the sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), and (a)(6).  As explained below, based on those factors, a 42 month sentence of imprisonment is justified, appropriate, and reasonable in this case.

The crime that the defendant committed is serious by any measure.  The defendant was the primary organizer of a brazen bank fraud scheme involving careful planning and multiple participants.  Although the bank ultimately incurred the loss in this case, the real account

holders—the initial "victims" of the scheme—lived in California.  To the defendant, these victims were faceless people who he had never even met.  And the defendant had no qualms about stealing more than $200,000 from them.

The government is mindful that the bank—not the customer-victims—ultimately incurred the loss here.  But the bank's decision to reimburse its customers in no way excuses the defendant's conduct.  Financial institutions cannot meaningfully operate if people like the defendant recruit dishonest employees to steal from the bank's customers.

This case hardly represents the defendant's first contact with the criminal justice system. The defendant has a troubling series of arrests and convictions for drug, weapon, and property crimes.  (PSR ¶¶ 47-59.)  Accordingly, a guideline-compliant sentence of 42 months' incarceration would be "sufficient, but not greater than necessary" to reflect the serious nature of the crime, the need to promote respect for the law, and to provide adequate deterrence of criminal conduct.

## RESTITUTION AND FORFEITURE

Restitution in this matter is mandatory pursuant to 18 U.S.C. § 3663A.  (PSR ¶ 141.) The loss to Wells Fargo in this matter was $124,000 and restitution would be appropriate in that amount.  (PSR ¶ 141.)  As part of the plea agreement, the defendant has agreed to the entry of a forfeiture money judgment in the amount of $124,000.  (Dkt. 17 at 9; PSR ¶ 8.)

## CONCLUSION

For all of the foregoing reasons, the government submits that an appropriate sentence in this case is for the defendant to serve a period of 42 months of incarceration which falls in the middle of the applicable guideline range.  The Court should also enter an order of

restitution in the amount of $124,000 consistent with 18 U.S.C. § 3663A.  The Court should also

enter a forfeiture money judgment in the amount of $124,000 as set forth in the plea agreement.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney


By:  _____
JOHN W. BORCHERT (Bar No. 472824)
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, NW
Washington, D.C.  20530
(202) 252-7679
john.borchert@usdoj.gov

May 6, 2022

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of May 2022, I caused a copy of the foregoing to be served on counsel for the defendant, Brian McDaniel, Esq., via the court's ECF system.

JOHN W. BORCHERT
Assistant United States Attorney